UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE BURNS,

                Plaintiff,

-against-

RANDALL RICHARDS, ESQ, 18TB ATTORNEY,

                Defendant.

1:20-CV-7413 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently held in the George R. Vierno Center on Rikers Island, brings this action *pro se*. He requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). He is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Burns v. Schell*, ECF 1:20-CV-5582, 7 (S.D.N.Y. Oct. 28, 2020). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint.[1] Instead, Plaintiff sues the attorney who served as his court-appointed defense attorney in his state-court criminal action, and who then served as his legal advisor when

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

he represented himself in that action. Plaintiff asserts claims arising from that attorney's actions. Plaintiff is therefore barred from filing this action IFP.[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's request to proceed IFP, and this action is dismissed without prejudice under the "three-strikes" provision in 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *See* § 1915(g).

---

[1] Plaintiff submitted the complaint commencing this action while he was held in the Anna M. Kross Center on Rikers Island. He placed the complaint into that facility's mail system for its delivery to the Court on September 5, 2020. But Plaintiff's third strike was issued by the Court before that complaint's filing; that strike was issued on October 4, 2019. *Burns*, ECF 1:20-CV-5582, 7, at 2, 5-6 (citing *Burns v. Dep't of Health & Human Servs.*, ECF 1:19-CV-2246, 6 (S.D.N.Y. Oct. 4, 2019)). The filing bar therefore took effect upon issuance of that strike. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015) (Section 1915(g) filing bar effective upon dismissal of third strike, even if that strike is the subject of a pending appeal).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If he does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court to file. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 4, 2020
        New York, New York

                                            COLLEEN McMAHON
                                        Chief United States District Judge